IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**UNITED STATES OF AMERICA**

v.                                              **CASE NO. 2:18-CR-21-KS-MTP**

**BRANTLEY PAUL NICHOLS**

### ORDER

On July 15, 2020, Defendant filed a Motion for Pretrial Diversion [42]. Therein, Defendant argued that the Court should place him in a pretrial diversion program. The Government opposed the motion, and on July 16, 2020, the Court denied it in a Text Order, noting that the United States Attorney's consent was required for placement in a pretrial diversion program. The Court also noted that Defendant had already plead guilty, and that he had not demonstrated that he should be permitted to withdraw the plea.

Although Defendant did not file a motion for leave to withdraw his plea, an implicit prerequisite to placement in a pretrial diversion program would be withdrawal of his plea. To the extent that Defendant's previous motion could be construed as a motion for leave to withdraw his plea, the Court hereby supplements its previous Text Order denying the motion.

"The standard for determining whether or not a defendant may withdraw his guilty plea prior to sentencing is whether for any reason the granting of the privilege seems fair and just." *United States v. Carr*, 740 F.2d 339, 343 (5th Cir. 1984). The

Court considers various factors when making this determination, including:

> (1) whether or not the defendant as asserted his innocence; (2) whether or not the government would suffer prejudice if the withdrawal motion were granted; (3) whether or not the defendant as delayed in filing his withdrawal motion; (4) whether or not the withdrawal would substantially inconvenience the court; (5) whether or not close assistance of counsel was available; (6) whether or not the original plea was knowing and voluntary; and (7) whether or not the withdrawal would waste judicial resources; and, as applicable, the reason why defenses advanced later were not proffered at the time of the original pleading, or the reasons why a defendant delayed in making his withdrawal motion.

*Id.* at 343-44.

Defendant has not asserted his innocence. In fact, he does not deny that he committed the subject crimes. Rather, he contends that the Court should permit him to withdraw his plea as an act of mercy.

Defendant entered his plea on July 24, 2018. Now – *two years later, and less than a week before his sentencing* – he asks the Court for leave to withdraw it. He has not provided any explanation for this extraordinary delay in seeking leave to withdraw the plea.

Withdrawal of the plea at this stage of proceedings would waste judicial resources. The Court's probation officer has already conducted a presentence investigation and compiled a lengthy report. Moreover, this Court has already studied the report in preparation for sentencing.

Defendant's plea was knowing and voluntary. He stated as much under oath during his plea hearing, and the Court has no reason to believe he committed perjury.

Finally, Defendant has had close assistance of counsel at every relevant stage of these proceedings. He entered a plea two years ago, well before the COVID-19 crisis began, and he cannot claim that the pandemic has affected his ability to communicate with counsel. Moreover, even during the past few months, nothing has prevented Defendant from communicating with counsel via telephone or videoconferencing, or even in person while wearing a mask and observing social distancing requirements.

For these reasons, the Court finds that it would not be fair and just to permit Defendant to withdraw his plea. To the extent that Defendant's previous motion could be construed as a motion for leave to withdraw his plea, the Court hereby supplements its previous Text Order denying the motion.

SO ORDERED AND ADJUDGED this 17th day of July, 2019.

                                                /s/      Keith Starrett
                                                KEITH STARRETT
                                                UNITED STATES DISTRICT JUDGE