IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**UNITED STATES OF AMERICA**

v.     CASE NO. 2:18-CR-21-KS-MTP

**BRANTLEY PAUL NICHOLS**

### ORDER

On July 24, 2018, Defendant pleaded guilty to conspiracy to commit health care fraud in violation of 18 U.S.C. § 1349. On July 21, 2020, the Court sentenced him to 12 months and 1 day of imprisonment, followed by 3 years of supervised release. The Court also ordered that the first six months of Defendant's supervised release was to be served on home detention with electronic monitoring, during which time he was permitted to work in the county of his primary residence. This sentence departed downward from the guidelines, which provided for a term of imprisonment of 30-37 months. In addition to this significant downward departure, the Court also 1) delayed Defendant's sentencing for approximately two years based on joint motions from the parties, and 2) delayed Defendant's report date for a few months so that he could undergo and recover from a surgery. On March 29, 2021, Defendant filed a Motion for Compassionate Release [69] pursuant to 18 U.S.C. § 3582(c)(1)(A) because of the COVID-19 pandemic and other reasons discussed below, even though he has served less than half of his extraordinarily lenient sentence.

First, to the extent Defendant seeks it, the Court does not have the authority

to order home confinement. *See United States v. Sherrill*, 2021 WL 214684, at *3 (S.D. Miss. Jan. 21, 2021) (citing 18 U.S.C. § 3621(b); *United States v. Dysart*, 66 F. App'x 526, 2003 WL 21018298, at *1 (5th Cir. 2003)).

As for a reduction of Defendant's sentence, 18 U.S.C. § 3582 permits the Court to reduce a term of imprisonment after considering the factors set forth in 18 U.S.C. § 3553(a), if it finds that "extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . ." 18 U.S.C. § 3582(c)(1)(A). Defendant has the burden of demonstrating that he meets the requirements for compassionate release. *United States v. Whirl*, 2020 WL 3883656, at *1 (S.D. Miss. July 9, 2020).

The Sentencing Commission's guidelines provide, in relevant part, that the Court may reduce a term of imprisonment, after considering the factors set forth in 18 U.S.C. § 3553(a), if (1) "[e]xtraordinary and compelling reasons warrant the reduction;" (2) "[t]he defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g);" and (3) "[t]he reduction is consistent with this policy statement." U.S. SENTENCING GUIDELINES MANUAL § 1B1.13. The Sentencing Commission's application notes provide that an "extraordinary and compelling reason" exists if "[t]he defendant is suffering from a terminal illness . . . ." U.S. SENTENCING GUIDELINES MANUAL § 1B1.13 cmt. n. 1(A)(i). Likewise, the standard is met if:

The defendant is

2

>> (I) suffering from a serious physical or medical condition,
>
> (II) suffering from a serious function or cognitive impairment, or
>
> (III) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S. SENTENCING GUIDELINES MANUAL § 1B1.13 cmt. n. 1(A)(ii).

The notes also provide that certain circumstances related to the defendant's age and family circumstances can meet the standard. U.S. SENTENCING GUIDELINES MANUAL § 1B1.13 cmt. n. 1(B)-(C). With respect to family circumstances, the notes provide that "(i) the death or incapacitation of the caregiver of the defendant's minor child or minor children," or "(ii) the incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner" can provide an "extraordinary and compelling reason" for a reduction in sentence. U.S. SENTENCING GUIDELINES MANUAL § 1B1.13 cmt. n. 1(C).

The policy statement also contains a catch-all provision that the Bureau of Prisons may determine whether there is some other "extraordinary and compelling reason" other than those in subdivisions (A) through (C). U.S. SENTENCING GUIDELINES MANUAL § 1B1.13 cmt. n. 1(D). The Fifth Circuit has declined to weigh in as to whether the catch-all provision "delegates only to the Bureau of Prisons." *United States v. Thompson*, --- F.3d ---, 2021 WL 37493, at *2 n. 4 (5th Cir. Jan. 5,

2021). This Court, however, defers to the plain language of the policy statement, which delegates the authority to determine whether such "other reasons" exist to the Bureau of Prisons. *See, e.g. United States v. Garcia*, 457 F. Supp. 3d 651, 655-56 (C.D. Ill. 2020) (policy statement provision requiring "catch-all" to be determined by BOP was not overridden by First Step Act).

First, Defendant argues that the COVID-19 pandemic constitutes an extraordinary and compelling reason to reduce his sentence. He is currently incarcerated at FCI Memphis, but he did not provide any numbers as to the prevalence of COVID-19 at the facility. He merely represented that "there is a lot of COVID-19," and that no one in the facility had received the vaccine. He generally argues that he is unable to effectively avoid exposure to the virus because of the conditions of confinement in the facility.

Next, Defendant argues that he should be released because his grandmother broke her hip. He represents that his parents are not capable of caring for her, due to their age, and that his brother cannot care for her because of his work.

Finally, Defendant argues that he should be released because the DEA demanded that he surrender his Certificate of Registration, which permits him to write prescriptions for pain medications. According to Defendant, the DEA will seek an Order to Show Cause if he does not surrender the Certificate, which would suspend it until an ALJ rules on the Order to Show Cause. He claims this would effectively prevent him from working in his profession for a period of 1-2 years because of the

4

backlog of cases before the ALJ. Defendant believes that the DEA will not force him to surrender the Certificate if he is not imprisoned.

The Court finds that Defendant has not demonstrated that there is an "extraordinary and compelling" reason to reduce his term of imprisonment. With respect to COVID-19, Defendant has not articulated a "serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correction facility and from which he or she is not expected to recover." *See* U.S. SENTENCING GUIDELINES MANUAL § 1B1.13 cmt. n. 1(A). Courts in this Circuit have found that defendants who are not suffering from a terminal illness, a serious physical or medical condition that diminishes their ability to care for themselves, serious functional or cognitive impairment, or deteriorating physical or mental health because of aging do not meet the standard imposed by the Sentencing Commission's policy statements. *See, e.g. United States v. Takewell*, 2020 WL 4043060, at *3 (W.D. La. July 17, 2020); *United States v. Washington*, 2020 WL 4000862, at *5 (E.D. La. July 15, 2020); *United States v. Clark*, 2020 WL 1557397, at *4 (M.D. La. Apr. 1, 2020); *United States v. Vasquez*, 2020 WL 3000709, at *3 (S.D. Tex. June 2, 2020); *United States v. Johnson*, 2020 WL 3962284, at *3 (S.D. Tex. July 13, 2020); *United States v. Dodd*, 2020 WL 3893695, at *4 (E.D. Tex. July 10, 2020); *United States v. Reeves*, 2020 WL 3895282, at *3 (N.D. Tex. July 10, 2020); *Whirl*, 2020 WL 3883656 at *3. "Preexisting medical conditions that place a defendant at increased risk for serious illness from COVID-19 are not in and of themselves

sufficient to establish extraordinary and compelling reasons justifying a reduction in sentence." *United States v. McLin*, 2020 WL 3803919, at *3 (S.D. Miss. July 7, 2020).

Defendant's "general concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence . . . ." *Takewell*, 2020 WL 404360 at *4. "[T]he mere existence of COVID-19 in society" and, consequently, the prison system "cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." *United States v. Raia*, 954 F.3d 594, 597 (3rd Cir. 2020) (citing BOP's COVID-19 Action Plan).

Additionally, Defendant has not even attempted to demonstrate that the issues with his grandmother and Certificate of Registration constitute an extraordinary and compelling reason as contemplated by § 3582(c)(1)(A). Regardless, the "family circumstances" provision does not contemplate release to care for an injured grandparent. *See* U.S. SENTENCING GUIDELINES MANUAL § 1B1.13 cmt. n. 1(C).

In summary, the Court certainly takes the COVID-19 pandemic seriously, but it "cannot release every prisoner at risk of contracting COVID-19 because the Court would then be obligated to release every prisoner." *United States v. Koons*, 2020 WL 1940570, at *4 (W.D. La. Apr. 21, 2020). The Courts that have granted compassionate release because of the pandemic "largely have done so for defendants who had already served the lion's share of their sentences and presented multiple, severe health concerns." *Thompson*, 2021 WL 37493 at *3. "Fear of COVID doesn't automatically

entitle a prisoner to release," *id.*; *see also Koons*, 2020 WL 1940570 at *5, and the BOP's response to the pandemic, which has been outlined in detail in numerous briefs and opinions filed in this Court over the past year, is sufficient given the circumstances and logistical issues presented by a prison environment.

Defendant has served less than half of his extraordinarily lenient sentence. The Court has already given Defendant numerous breaks throughout the course of this case, for the reasons previously provided on the record, and Defendant has not provided any good reason why he should not serve the remainder of his sentence. The undersigned judge is certainly sympathetic to the plight of convicted felons reentering society after serving a term of imprisonment. However, Defendant seems to have forgotten that he is, in fact, a convicted felon, and that this status comes with certain consequences. The Court **denies** Defendant's Motion for Compassionate Release [51].[1]

SO ORDERED AND ADJUDGED this 1st day of April, 2021.

                                                    /s/    Keith Starrett
                                                KEITH STARRETT
                                                UNITED STATES DISTRICT JUDGE

---

[1] *See e.g. United States v. Brown*, 2020 WL 6833778 (5th Cir. Nov. 20, 2020); *United States v. Jackson*, 2020 WL 6702129 (5th Cir. Nov. 13, 2020); *United States v. Rivas*, 2020 WL 6437288 (5th Cir. Nov. 2, 2020).

7